UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JORGE LANDAVERDE, on behalf of himself,
individually, and on behalf of all others
similarly-situated,

                          Plaintiff,

-against-

DVA CONTRACTING CORP. d/b/a DISANO
CONSTRUCTION CO., and DNO EQUIPMENT AND
DEVELOPMENT INC. d/b/a DISANO
CONSTRUCTION CO., and PIETRO
OPPEDISANO, individually,

                          Defendants.
-------------------------------------------------------------X

**COMPLAINT**

Docket No.: **20-cv-00563**

<u>Jury Trial Demanded</u>

JORGE LANDAVERDE ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against DVA CONTRACTING CORP. d/b/a DISANO CONSTRUCTION CO. ("DVA Contracting"), and DNO EQUIPMENT AND DEVELOPMENT INC. d/b/a DISANO CONSTRUCTION CO. ("DNO"), and PIETRO OPPEDISANO, individually, (all, together where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New

1

York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - two corporations, which along which along with a recently-dissolved corporation, operate and operated as a single enterprise to run a Queens-based construction and demolition business and the entities' owner and day-to-day overseer - - as a construction and demolition worker in and around New York City from approximately 2000 until October 7, 2019. As described below, throughout his employment, but as is relevant herein, for the six-year period pre-dating the commencement of this action until Plaintiff's employment with Defendants ended ("the Relevant Period"), Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, throughout the Relevant Period, Defendants required Plaintiff to work, and he did work, in excess of forty hours per week, or virtually each week, but Defendants failed to pay Plaintiff at the statutorily required overtime rate of at least one and one-half times his regular rate of pay for any hours that he worked in a week in excess of forty. Instead, throughout the Relevant Period, Defendants paid Plaintiff a flat daily rate regardless of the total hours that Plaintiff worked in a day or in a week, and that did not include overtime premiums for hours that Plaintiff worked in a week over forty.

3.      Additionally, during the Relevant Period, Defendants further violated the NYLL by failing to provide Plaintiff with accurate wage statements on each payday.

4.      Defendants paid and treated all of their construction and demolition workers in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, that opts-into this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside in this judicial district and all Defendants reside in New York, and 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendants in New York, and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Defendant DVA Contracting was and is a corporation organized and existing under the laws of the State of New York that is registered with the New York State Department of State to receive service of process c/o Diamond J. Armello, at 80 Midwood Avenue, Nesconset, New York 11767, and that maintains its principal place of business at 31-07 Farrington Street, Flushing, New York 11354.

11. At all relevant times herein, Defendant DNO was and is a corporation organized and existing under the laws of the State of New York that is registered with the New York State Department of State to receive service of process c/o Albert Maimone & Associates, P.C., at 127-16 14th Avenue, College Point, New York 11356, and that also maintains its principal place of business at 31-07 Farrington Street, Flushing, New York 11354.

12. At all times relevant herein, Defendant Oppedisano was and is the owner and the day-to-day overseer of Defendants DVA Contracting and DNO, who in that role was and is ultimately responsible for all matters with respect to determining Defendants' employees' rates and methods of pay and hours worked.  Furthermore, Oppedisano had and exercised the power to hire and fire and approve all personnel decisions with respect to Defendants' employees, including Plaintiff.

13. At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR.  Additionally, at all times relevant to the FLSA, the qualifying annual business of Defendants DVA Contracting and DNO exceeded and exceeds $500,000.00, and those Defendants, operating as a single enterprise, were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employ two or more employees, and used and use goods, equipment, and other materials in the course of the enterprise's business, such as tools, concrete, and construction materials, much of which originates

4

in states other than New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial construction or demolition workers, or those who worked in a similar role, who during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover damages for unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

15. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

16. At all relevant times, Defendants are and have been aware of the requirement to pay Plaintiff and FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendants purposefully and willfully chose and continue to choose not to do so.

17. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

18. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly-situated who, during the applicable limitations period, Defendants subjected to violations of the NYLL and the NYCRR.

19. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

20. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former non-managerial construction or demolition workers, or those who worked in a similar role, who during the applicable NYLL limitations period, performed any work for Defendants within the State of New York ("Rule 23 Plaintiffs").

### Numerosity

21. During the previous six years, Defendants have employed at least forty employees who are putative members of this class.

### Common Questions of Law and/or Fact

22. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require Rule 23 Plaintiffs to perform; (2) the manner of compensating Rule 23 Plaintiffs; (3) whether Rule 23

Plaintiffs worked in excess of forty hours in a week; (4) whether Defendants paid and pay Rule 23 Plaintiffs overtime wages at the rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a week; (5) whether Defendants failed and fail to furnish Rule 23 Plaintiffs with wage statements on each payday that accurately contain the information required by NYLL § 195(3); (6) whether Defendants kept and maintained accurate records of hours that Rule 23 Plaintiffs worked; (7) whether Defendants kept and maintained records with respect to the compensation that they paid to Rule 23 Plaintiffs for each hour worked; (8) whether Defendants have any affirmative defenses to any of Rule 23 Plaintiffs' claims; (9) whether Defendants' actions with respect to Rule 23 Plaintiffs were in violation of the NYLL and the NYCRR; and (10) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

23.  As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL and the NYCRR.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, and Defendants did and do not pay them overtime wages for all hours that they work over forty in a week, and/or did and do not furnish them with accurate wage statements on each payday.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL and the NYCRR to be paid all of their earned overtime wages and to be furnished with accurate wage statements on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and the NYCRR.  Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or

7

Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

### Adequacy

24. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime wages at the rate of time and one-half his regular rate of pay for all hours worked over forty in a week and did not furnish Plaintiff with accurate wage statements on each payday, which is substantially similar to how Defendants paid and treated and pay and treat the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint that pertain to him and that will be raised in the Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

25. Additionally, Plaintiff's counsel has substantial experience in this field of law.

### Superiority

26. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

27. Any lawsuit brought by any non-managerial construction or demolition worker, or someone who worked in a similar role for Defendants in New York, would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

28. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

29. From at least the beginning of the Relevant Period until approximately mid-2019, Defendants DVA Contracting and DNO, along with DiSano Construction Co., Inc., operated a Queens-based construction and demolition business, which despite being incorporated discretely, all did business under the same name, DiSano Construction Co. On November 13, 2019, DiSano Construction Co., Inc. formally dissolved. Since then and continuing until the present, Defendants DVA Contracting and DNO have continued to operate that same business together, still both doing business under the name DiSano Construction Co.

30. Defendant Oppedisano owns, operates, and manages the two entity Defendants, and in that role is ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked, determining employees' work locations, distributing work duties, exercising the power to hire and fire and approve all personnel decisions with respect to Defendants' employees, including Plaintiff, and maintaining employment records. In fact, Oppedisano hired and fired Plaintiff, set his pay and schedule, and directed the course of Plaintiff's work.

31. Furthermore, Defendants DVA Contracting and DNO (along with DiSano Construction Co., Inc. before it dissolved) have an interrelation of operations as they: share employees with one another interchangeably; concurrently control labor relations between employees and management; are commonly managed by Defendant Oppedisano; and are commonly owned and controlled financially. They also operate out of the same Flushing address listed above, and at Oppedisano's direction, switch which entity pays the enterprise's employees without any notice to the employees as to which entity would be issuing their paycheck or why.

32. Plaintiff worked for Defendants as a construction and demolition worker from approximately 2000 until October 7, 2019, at job sites typically located in Manhattan and the Bronx.

33. In this capacity, Plaintiff's primary duties included, *inter alia*, demolishing structures, clearing the work sites of debris, and working with cement to construct fixtures such as sidewalks, foundations, and other cement structures.

34. Throughout the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did work, five and occasionally six days per week. More specifically, Plaintiff worked from Monday through Friday, and occasionally Saturday, from 6:30 a.m. until either 4:30 p.m. or 5:00 p.m. During each shift, Plaintiff received an uninterrupted thirty-minute break. Accordingly, throughout the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did work, between forty-nine and fifty-nine hours per week depending on how many days Plaintiff worked.

35. Regardless of how many hours Plaintiff worked in a day or in a week, Defendants paid Plaintiff $160.00 per day from the beginning of the Relevant Period through December 2017, and $190.00 per day from January 2018 through his termination on October 7, 2019. At no point during the Relevant Period did Defendants pay Plaintiff an overtime premium of one and one-half times his regular rate for any hour that Plaintiff worked in a week in excess of forty.

36. By way of example only, during the week of August 5 through August 11, 2017, Defendants required Plaintiff to work, and Plaintiff did in fact work, the following schedule, with an uninterrupted thirty-minute break during each of his shifts:

> Saturday, August 5, 2017: off;
> 
> Sunday, August 6, 2017: off;
> 
> Monday, August 7, 2017: 6:30 a.m. until 5:00 p.m.;
> 
> Tuesday, August 8, 2017: 6:30 a.m. until 5:00 p.m.;

10

> Wednesday, August 9, 2017: 6:30 a.m. until 4:30 p.m.;
>
> Thursday, August 10, 2017: 6:30 a.m. until 5:00 p.m.;
>
> Friday, August 11, 2017: 6:30 a.m. until 4:30 p.m.

Accordingly, Plaintiff worked a total of forty-nine hours during this week. In exchange for his work, Defendants paid Plaintiff at his daily rate of $160.00 per day worked, for a total of $800.00 for this week. Defendants did not pay Plaintiff an overtime premium for the nine hours that he worked this week in excess of forty.

37. By way of a second example only, during the week of February 16 through February 22, 2019, Defendants required Plaintiff to work, and Plaintiff did in fact work, the following schedule, with an uninterrupted thirty-minute break during each of his shifts:

> Saturday, February 16, 2019: off;
>
> Sunday, February 17, 2019: off;
>
> Monday, February 18, 2019: 6:30 a.m. until 5:00 p.m.;
>
> Tuesday, February 19, 2019: 6:30 a.m. until 4:30 p.m.;
>
> Wednesday, February 20, 2019: 6:30 a.m. until 4:30 p.m.;
>
> Thursday, February 21, 2019: 6:30 a.m. until 5:00 p.m.;
>
> Friday, February 22, 2019: 6:30 a.m. until 5:00 p.m.

Accordingly, Plaintiff worked a total of forty-nine hours during this week. In exchange for his work, Defendants paid Plaintiff at his daily rate of $190.00 per day worked, for a total of $950.00 for this week. Defendants did not pay Plaintiff an overtime premium for the nine hours that he worked this week in excess of forty.

38. Defendants paid Plaintiff on a weekly basis, part by check and part in cash.

39. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, the total hours that Plaintiff worked for that week or his overtime rate of pay for each hour that he worked in that week in excess of forty.

40. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

41. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

42. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was and is for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

43. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

45. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

46. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

47. Defendants willfully violated the FLSA.

48. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

12

49. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

50. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

52. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-into this action, are employees within the meaning of the NYLL and the NYCRR.

53. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

54. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

55. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### **THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

56. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

58. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-into this action, are employees within the meaning of the NYLL.

59. As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-into this action, with wage statements that accurately contained all of the criteria required under the NYLL.

60. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-into this action, in the amount of $100.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00.

61. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-into this action, in the amount of $250.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

### **DEMAND FOR A JURY TRIAL**

62. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f. Designation of Plaintiff and his counsel as class/collective action representatives under the FRCP and the FLSA;

g. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages

paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

      h. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

      i. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and any other costs, and an award of a service payment to Plaintiff;

      j. Pre-judgment and post-judgment interest, as provided by law; and

      k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
       January 31, 2020

      Respectfully submitted,

      BORRELLI & ASSOCIATES, P.L.L.C.
      *Attorneys for Plaintiff*
      910 Franklin Avenue, Suite 200
      Garden City, New York 11530
      Tel. (516) 248-5550
      Fax. (516) 248-6027

By: _____
      DANIELLE E. MIETUS, ESQ. (DM 4136)
      ALEXANDER T. COLEMAN, ESQ. (AC 8151)
      MICHAEL J. BORRELLI, ESQ. (MB 8533)