# BORRELLI & ASSOCIATES
## P.L.L.C.

www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 910 Franklin Avenue |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

April 21, 2023

<u>Via ECF</u>
The Honorable Peggy Kuo
United States Magistrate Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Landaverde v. DVA Contracting Corp., et al.*,
              <u>Docket No.: 20-cv-00563 (PK)</u>

Dear Judge Kuo:

      As the Court knows, we represent Plaintiff Jorge Landaverde in the above-referenced putative collective and class wage and hour matter brought against Defendants DVA Contracting Corp. d/b/a Disano Construction Co., DNO Equipment and Development, Inc. d/b/a Disano Construction Co., and Pietro Oppedisano, individually. On behalf of all parties, we write to renew Plaintiff's consent motion for preliminary approval of the parties' class action settlement, originally filed on October 20, 2022, and supplemented on April 12, 2023, which the Court denied without prejudice to renewal on April 18, 2023, and to seek preliminary approval of the parties' collective settlement under the Fair Labor Standards Act ("FLSA"). Specifically, the Court denied the original motion because it believed that the language in its supporting documents was not sufficiently clear that only those individuals who affirmatively opt-in to the case by filing their opt-in forms on the docket will join the collective action under the FLSA and thereby release their claims under that statute, and accordingly, because the proposed procedure would not permit the Court to conduct a sufficient *Cheeks* review at the fairness hearing.

      Attached hereto, with changes tracked for the Court's convenience, are a revised Notice, Claim Form, Reminder Postcard, and Proposed Order (as Exhibits A through D, respectively), as well as a clean version of the Proposed Order as Exhibit E. The parties believe that the changes made to these documents sufficiently address the Court's concerns, but they will of course make any additional changes that the Court might require. Specifically, the revised documents make

clear the distinction between collective and class action members, advise the recipients of the Notice more clearly of their rights under the FLSA depending on what actions they choose to take, and require that counsel file all Claim Forms, which now clearly double as consent to join forms, with the Court as part of the parties' final approval motion before the fairness hearing.  The parties intend for these documents to supersede and replace the versions of each that they had attached to their original motion.  The parties incorporate by reference all prior arguments and attachments that they made in their original and supplemental filing, so long as they are not superseded by these renewed documents.

      We thank the Court for its time and attention to this matter.

Respectfully submitted,

Alexander T. Coleman, Esq.
*For the Firm*

C:  To all Counsel of Record (*via* ECF)