UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JORGE LANDAVERDE, *on behalf of himself and all* :
*other persons similarly situated*, :
: 
                            Plaintiffs, :
: **FINAL ORDER AND**
              -against- : **JUDGMENT**
:
DVA CONTRACTING CORP., DNO :
EQUIPMENT AND DEVELOPMENT INC., :
and PIETRO OPPEDISANO, : 20-CV-563 (PK)
:
                            Defendants. :
:
:
------------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

       Jorge Landaverde ("Plaintiff") brought this action against DVA Contracting Corp., DNO Equipment and Development Inc., and Pietro Oppedisano (collectively, "Defendants"), on behalf of himself and all similarly situated non-managerial construction or demolition workers employed by Defendants. ("Compl." ¶ 14, Dkt. 1.) Plaintiff alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the New York Labor Law ("NYLL") §§ 650, *et seq.*, and NYLL § 195(3); and are liable to Plaintiff and the class for overtime compensation and failure to furnish wage statements. (*Id.* ¶ 1.) The parties entered into a final settlement agreement with a total payment amount of $1,200,000.00. (*See* "Settlement Agreement" ¶ 1.17, Dkt. 53-1.)

       Before the Court is Plaintiffs' unopposed Motion for Final Approval of Class and Collective Action Settlement, Service Award, an Award of Attorneys' Fees and Expenses, and the Entry of Final Judgment. (*See* "Final Approval Motion," Dkt. 50.) The Court previously granted the Renewed Motion for Preliminary Approval of a Class Settlement, Certification of Settlement Class, Appointment of Plaintiff as Class Representative, Appointment of Plaintiff's Counsel as Class

1

Counsel, and Approval of Proposed Notice of Settlement and Class and Collective Action Settlement Procedure on May 18, 2023. (*See* "Preliminary Approval Order," Dkt. 46.)

Plaintiff filed the Final Approval Motion on January 4, 2024. The Final Approval Motion is unopposed, and Defendants do not object to the requests for attorneys' fees, costs, or service payments. The Court held a final fairness hearing on January 18, 2024. No Class Member objected to the settlement at or before the hearing. Following the hearing, the parties filed a stipulation setting forth a revised payment schedule for funding the settlement. (*See* "Funding Stipulation," Dkt. 55.)

Having considered the Final Approval Motion, the supporting declarations, the arguments presented at the January 18, 2024 fairness hearing, and the complete record in this matter, for good cause shown, the Court (i) grants final approval of the settlement as memorialized in the Settlement Agreement; (ii) authorizes the distribution of settlement checks to the 23 Class Members who returned Claim Forms, including the named Plaintiff; (iii) approves a service award to the named Plaintiff Jorge Landaverde in the amount of $15,000.00; (iv) approves an award of attorneys' fees and costs in the amounts of $384,000.00 and $8,742.00, respectively; and (v) approves a payment in the amount of $17,500.00 to the Claims Administrator, Arden Claims Services, LLC ("Arden") for administration fees.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

(1) The Court grants final approval of the Settlement Agreement, as supplemented by the Addendum (Dkt. 53-2) and Funding Stipulation (Dkt. 55), and "so orders" all of its terms which are incorporated herein. This Order incorporates by reference the definitions in the Settlement Agreement and all exhibits, addendums, stipulations, and schedules thereto.

(2) As previously addressed by the Court when it granted preliminary certification of the Settlement Class, the numerosity, commonality, typicality, and adequacy requirements of Federal Rule of Procedure 23(a), and the predominance and superiority requirements of Rule

(continued)

23(b)(3), have been met, warranting class certification for purposes of effectuating settlement. *See* Preliminary Approval Order at 13–18.

(3) The Court hereby grants final certification to the following class for settlement purposes pursuant to Rule 23(e): "all current and former individuals who worked for Defendants as laborers and/or in all other similar, non-exempt positions, at any time during the period of January 31, 2014, through December 31, 2020." (*See* Settlement Agreement ¶ 1.7.)

(4) Because no Rule 23 Class Member timely opted out of the Class, every Rule 23 Class Member fully releases and discharges Defendants from all New York state law claims asserted in the action. This release includes claims for all damages arising from any such released claims, including claims for liquidated damages, interest, and attorneys' fees and costs pursuant to ¶ 10.1 of the Settlement Agreement.

(5) The Court hereby grants final certification of a Fair Labor Standards Act ("FLSA") collective action under Section 216(b) of the FLSA, for settlement purposes, to all Participating Claimants whose opt-in Claim Forms are attached to the Declaration of Barry J. Peek, Esq. in support of the Final Approval Motion. ("Peek Declaration," Dkt. 52.)

(6) Each FLSA Collective Member who timely filed a valid Claim Form and thereby affirmatively opted into the settlement specifically and affirmatively releases Defendants from any FLSA wage and hour claims asserted in the action pursuant to ¶ 10.2 of the Settlement Agreement.

(7) The Court approves the FLSA settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199 (2d Cir. 2015). After consideration of the information provided, including that the agreement is the product of contested litigation and arm's length negotiations with the assistance of experienced counsel, the Court finds the FLSA settlement is fair and reasonable. *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

(8) The Court finds that sufficient notice of the proposed settlement was given to bind all Class Members, and that the settlement is, in all respects, fair, adequate, and reasonable. The Claims Administrator sent the Notice and Claim Form and a reminder postcard to all potential Class Members at their last known mailing address, with a 3-month deadline to opt in or opt out of the Settlement Class. (Peek Declaration ¶¶ 5–7.) Of the list of 139 potential Class Members, Arden delivered 128 Notice Packets without issue, resulting in an undeliverable rate of 9%. (*Id.* ¶ 10.) The Court finds and concludes that the Notice and Claim Form were the best notice practicable to allow Class Members a full and fair opportunity to consider the proposed settlement and develop a response. The Court finds and concludes that the distribution of the Notice and Claim Form were the best reasonable method to reach all Class Members who would be bound by the Settlement Agreement. The Court finds that the Notice and Claim Form and their distribution satisfy the notice requirements of Federal Rule of Civil Procedure 23(e) and FLSA section 216(b).

(9) Out of the potential 139 members of the Class, no Class Members opted out of or objected to the proposed settlement. Following the distribution of the Notice and Claim Form to the potential Settlement Class, and now having had an opportunity to consider the Settlement Class's reaction to the proposed settlement, the Court approves the proposed class action settlement and all terms set forth in the Settlement Agreement.

(10) The Settlement Agreement provides for a maximum Gross Settlement Fund of $1,200,000.00, of which $774,758.00 was available as the Net Settlement Amount to satisfy the claims of all Class Members. Class Members, other than Plaintiff, were required to submit a Claim Form to become a "Participating Claimant" and receive a settlement check. Arden received a total of 23 valid Claim Forms, including Plaintiff's. (Peek Declaration ¶ 14.) The 23 Class Members, including Plaintiff, will be mailed a check for their individual settlement

amounts, calculated based on the formula found in ¶ 9.2(B) of the Settlement Agreement. (*See also* Exhibit 6 to the Peek Declaration.) A participation rate of 17%, i.e., 23 Class Members out of 139 potential members, is within a typical range of class action settlement participation rates. *See Hernandez v. Immortal Rise, Inc.*, 306 F.R.D. 91, 100 n.8 (approving wage and hour class settlement with 14.6%, citing 2 McLaughlin on Class Actions § 6:24 (8th ed.), and observing that class action settlements based on claims submission "typically have a participation rate in the 10–15 percent range.")

(11)    The parties are directed to comply with the terms of the Settlement Agreement and this Final Approval Order and Judgment. As set forth in the Funding Stipulation dated January 18, 2024 and the Settlement Agreement, Defendants are directed to pay the remaining amount needed to fully fund the Qualified Settlement Fund pursuant to the payment schedule set forth in the Funding Stipulation by depositing the required amount of funds with Arden.

(12)    Pursuant to ¶ 9.1(C) of the Settlement Agreement, Arden is directed to distribute payments to all Participating Claimants within ten (10) days of the Effective Date. If no appeal is taken, the Effective Date is the date this Final Approval Order is no longer appealable (*See* Settlement Agreement ¶¶ 1.13; 9.1(C); *see also* Dkt. 56.) If an appeal is taken, the Effective Date shall be the day after the date of final dismissal of any appeal from this Final Approval Order. (*Id.*) The Court directs Arden to distribute payments to the Participating Claimants first before distributing other required payments under ¶ 9.1(C).

(13)    The Court previously appointed Borrelli & Associates, P.L.L.C. as Class Counsel, *see* Preliminary Approval Order at 20, and now finds that Borrelli & Associates, P.L.L.C. has satisfied the requirements of Rule 23(a)(4) and fairly and adequately protected the interests of the Settlement Class in this action.

(14) Class Counsel has extensive experience in wage and hour collective and class action litigation and is therefore well equipped to have negotiated a fair settlement for the Class. The Court grants Plaintiffs' request for attorneys' fees inclusive of costs. The Court awards Class Counsel $384,000.00 in attorneys' fees, reflecting approximately 32% of the Gross Settlement Fund, plus $8,742.00 for costs. The Court finds, in its discretion, that this award of a percentage of the gross Settlement Fund is reasonable, regardless of the amount claimed by Class Members. *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 436–37 (2d Cir. 2007) (holding district court erred in calculating attorneys' fees as "the percentage of the Fund on the basis of the claims made against the Fund, rather than on the entire Fund created by the efforts of counsel"). The requested award of attorneys' fees represents a multiplier of 4.3 based on the contemporaneous billing records submitted by Class Counsel. (*See* Billing Records, Dkt. 53-3.) The fee award is justified by the work that Class Counsel did conducting the litigation, negotiating the settlement, achieving the ultimate recovery, and by the risk that Class Counsel undertook in bringing the claims.

(15) This amount shall be paid from the Settlement Fund as specified in the Settlement Agreement.

(16) The Court finds the service award of $15,000.00 to Plaintiff Jorge Landaverde, the named plaintiff who brought the action on behalf of the Settlement Class, to be reasonable. This amount shall be paid from the Settlement Fund pursuant to ¶ 9.1(C) of the Settlement Agreement.

(17) As further provided in ¶ 1.36 of the Settlement Agreement, Plaintiff Jorge Landaverde releases Defendants from all claims arising from his employment with Defendants.

(18)    The Court previously appointed Arden as the Claims Administrator. (Preliminary Approval Order at 20.) Class administrator fees are to be paid to Arden in the amount of $17,500.00. (*See* Peek Declaration ¶ 18.)

(19)    This action is hereby dismissed with prejudice.

(20)    Without affecting the finality of this Final Approval Order, the Court will retain jurisdiction over the case following the entry of the Judgment and Dismissal until all installments have been paid by Defendants as provided for in the Settlement Agreement, Addendum, and Funding Stipulation.

(21)    Final Judgment is hereby entered pursuant to Federal Rules of Civil Procedure 54 and 58 consistent with the terms of the Settlement Agreement.

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:  February 21, 2024
         Brooklyn, New York